UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER TOLEN, personally, and as natural parent of two deceased unborn children, as custodial natural parent and next friend of Lukus Griffin, as custodial natural parent and next friend of Delillian Shelby Jean Griffin, and as custodial natural parent and next friend of James Jerald Griffin V, and JAMES JERALD GRIFFIN IV, personally, and as parent of two deceased unborn children,<br><br>    Plaintiffs,<br><br>    v.<br><br>HONEYWELL INTERNATIONAL, INC.,<br><br>    Defendant. | Case No. 05-cv-4220-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Honeywell International Inc.'s ("Honeywell") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, motion for a more definite statement (Doc. 10). Honeywell seeks to dismiss the claims of plaintiffs Jennifer Tolen ("Tolen") and James Jerald Griffin IV ("Griffin") for strict liability (Counts V & XXV), negligence *per se* (Count I & XXI) and battery (Counts II & XXII). Tolen and Griffin have responded to the motion (Doc. 12), and Honeywell has replied to that response (Doc. 13).

**I.    Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005); *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000). The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint. *Brown*, 398 F.3d at 908-09; *Holman*,

211 F.3d at 405.  "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate."  *Brown*, 398 F.3d at 909 (internal quotations omitted);  *see Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

Generally, courts will not grant a motion to dismiss merely because the complaint is vague or lacking in detail so long as it pleads "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002);  *see Kolupa*, 438 F.3d at 714-15;  *Brown*, 398 F.3d at 908.  A complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing.  *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986).  Nor must it allege all, or any, of the facts logically entailed by the claim.  *Kolupa*, 438 F.3d at 714-15;  *Higgs,* 286 F.3d at 439; *Bennett*, 153 F.3d at 518; *American Nurses'*, 783 F.2d at 727.  Nonetheless, the complaint must provide a short and plain statement of the claim sufficient to fairly put the defendant on notice of the claim and its basis.  *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993);  *Brown*, 398 F.3d at 908;  *see also* Fed. R. Civ. P. 8(a).

**II.   Facts**

The allegations in the Complaint, and all reasonable inferences that can be drawn therefrom, establish the following facts.

At the time of the events giving rise to this case, Honeywell operated a nuclear fuel processing plant in Metropolis, Illinois.  At the plant, Honeywell converted natural uranium ore to uranium hexaflouride ("$UF_6$") for use in nuclear power plants.  It was the only plant of its kind

in the nation, and it was subject to extensive regulation by the Nuclear Regulatory Commission. It was located near a residential area in which Tolen and Griffin lived.

On December 22, 2003, Honeywell began reconfiguring part of its plant to permit a change in operations. During the reconfiguration, $UF_6$ gas became overpressurized, resulting in a release of a $UF_6$ gas mixture from the piping system into the plant building, through the building's windows and vents to the outside. The release occurred while the plant's effluent control system was also shut down for the reconfiguration. When Honeywell learned of the release, it then connected the leaking system to the ash dust collector, which vented the $UF_6$ gas mixture 85 feet above ground level.

Wind carried the $UF_6$ gas mixture to the home of Tolen, who was pregnant with twins at the time, and Griffin, the father of the unborn twins, where both were exposed to the gas mixture. One week later, Tolen miscarried both twins.

Several weeks later at a public meeting, Tolen and Griffin learned that Honeywell had previously released $UF_6$ gas from the plant numerous times in 2002 and 2003. This information led them to conclude that the releases were responsible for the 2002 premature birth and the subsequent disabilities of Tolen and Griffin's son Lukus Griffin ("Lukus").

On December 21, 2005, Tolen, Griffin, Lukus and the unborn twins filed this lawsuit. The claims of Lukus and the unborn twins have been voluntarily dismissed, leaving only the claims of Tolen and Griffin. They allege claims for negligence (Counts I & XXI), battery (Counts II & XXII), wrongful death of the miscarried twins (Counts III & XXIII), nuisance (Counts IV & XXIV) and strict liability for an inherently dangerous activity (Counts V & XXV). In the pending motion to dismiss, Honeywell asks the Court to dismiss the claims for strict liability, negligence *per se* and battery

**III.    Analysis**

The Court addresses each of Honeywell's requests for dismissal in turn.

    A.    <u>Strict Liability</u>

Honeywell asks the Court to dismiss Tolen and Griffin's strict liability claims because they "have not carried their burden of alleging facts sufficient to support their strict liability theory that processing $UF_6$ is an abnormally dangerous activity." (Def.'s Mem. Supp. Mot. Dismiss at 3). Tolen and Griffin must ultimately prove that processing $UF_6$ is an abnormally dangerous activity in order to prevail on their strict liability claims. They contend, however, that they are not required to plead facts to support that claim.

Honeywell has not heeded the lesson of *Doe v. Smith*, 429 F.3d 706 (7th Cir. 2005), in which the Court of Appeals for the Seventh Circuit wrote:

> Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain . . ." should stop and think: What rule of law *requires* a complaint to contain that allegation?.

*Id.* at 708 (emphasis in original); *accord Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006). There is no such rule that requires a complaint to allege "facts sufficient to support [a] strict liability theory." The applicable rule, Rule 8(a), requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

*Conley v. Gibson*, 355 U.S. 41, 47 (1957) (footnote omitted). The Complaint in this case meets this standard.

Honeywell's confusion is understandable. Even after the liberal federal notice pleading standard was confirmed and clarified in *Leatherman v. Tarrant Co. Narcotics Intelligence &*

4

*Coordination Unit*, 507 U.S. 163, 168 (1993), district courts continue to be all over the board on their requirements. The Court has no doubt that the pattern will continue, even after the issuance just a few years ago of *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), and other Seventh Circuit cases explaining the simple standard. *See Shah v. Inter-Continental Hotel Chicago Operating Corp.,* 314 F.3d 278, 282 (7th Cir. 2002); *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002). This is why cases like *Doe v. Smith* and *Kolupa* still need to be published.

      Honeywell relies on two unpublished and one published district court cases that, in this Court's opinion, promote, at least in part, the incorrect view of the requirements of federal notice pleading: *Chaveriat v. Williams Pipe Line Co.*, No. 94 C 0750, 1994 WL 583598 (N.D. Ill. Oct. 18, 1994), *Dominick's Finer Foods v. Amoco Oil Company*, No. 93 C 4210, 1993 WL 524808 (N.D. Ill. Dec. 7, 1993) and *Ganton Technologies, Inc. v. Quadion Corporation*, 834 F. Supp. 1018 (N.D. Ill. 1993). While *Cheveriat* came down on the right side of the "debate" over notice pleading in its decision not to dismiss some claims for insufficient pleading, *Chaveriat*, 1994 WL 583598 at *4, it came down on the wrong side with respect to the strict liability claim. There, the court searched beyond the complaint for "facts" in ruling on a Rule 12(b)(6) motion to dismiss. *Id.* at *6. The court in *Dominick's Finer Foods* also misapplied the notice pleading standard by requiring the plaintiff to allege facts to support the existence of an abnormally dangerous activity and faulting the plaintiff for not pointing to certain evidence in support of its position. *Dominick's Finer Foods*, 1993 WL 524808 at *6. The *Ganton* court made similar mistakes. *Ganton*, 834 F. Supp. at 1020-21. All three cases cited by Honeywell were settled, so the Court of Appeals had no occasion to comment on its validity. Without the endorsement of the Court of Appeals, the Court believes these cases simply cannot be squared with liberal federal notice pleading standards.

Honeywell is right that Tolen and Griffin ultimately will bear the burden of proving that processing nuclear fuel is an abnormally dangerous activity under Illinois law, *see Restatement (Second) of Torts* § 520, and that the question will be one for the Court to decide. *Indiana Harbor Belt R.R. Co. v. American Cyanamide Co.*, 916 F.2d 1174, 1176 (7th Cir. 1990). Nothing alleged in the Complaint would preclude such a finding. *See, e.g., Silkwood v. Kerr-McGee Corp.*, 667 F.2d 908, 921 (10th Cir. 1981) (fabricating nuclear fuel is abnormally dangerous activity), *rev'd on other grounds*, 464 U.S. 238 (1984); *Crawford v. Nat'l Lead Co.*, 784 F. Supp. 439, 443 (S.D. Ohio 1989) (finding production of uranium is an abnormally dangerous activity); *see also Restatement (Second) of Torts* § 520, comment (g) (1977) ("Some activities, such as the use of atomic energy, necessarily and inevitably involve major risks of harm to others, no matter how or where they are carried on."). It is not right, however, to demand that Tolen and Griffin plead or present evidence to support this allegation at this time. They have put Honeywell on notice of the nature of a theory they intend to pursue, and that is enough.

Honeywell also asks the Court to dismiss the plaintiffs' strict liability claims because they are inconsistent with their negligence claims. Strict liability is inconsistent with negligence because, by the very definition of strict liability for abnormally dangerous activities, if a harm can be prevented by the exercise of due care, negligence is the governing legal framework. Only when the harm cannot be prevented by due care – such as with abnormally dangerous activities – does the strict liability regime apply. *See Indiana Harbor*, 916 F.2d at 1177.

Again, federal pleading standards do not require dismissal. "A party may state as many separate claims or defenses as the party has regardless of consistency." Fed. R. Civ. P. 8(e)(2). "There is generally nothing wrong with alternative pleading. . . ." *Mizuho Corporate Bank*

*(U.S.A.) v. Cory & Assocs.*, 341 F.3d 644, 651 (7th Cir. 2003); *see, e.g., Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003) (under the doctrine of pleading in the alternative, "a party is allowed to plead breach of contract, or if the court finds no contract was formed, to plead for quasicontractual relief in the alternative.  Once a valid contract is found to exist, quasi-contractual relief is no longer available.").

In this case, if Tolen and Griffin are able to establish that their exposure to the $UF_6$ gas mixture could have been prevented through the exercise of due care, they will not be able to prevail on a strict liability theory.  On the other hand, if they demonstrate that reasonable care would not have prevented the release, they may be able to prevail on an alternative theory.

For the foregoing reasons, the Court cannot dismiss Counts V and XXV at this time.

B.      Negligence *Per Se*

Honeywell asks the Court to dismiss the plaintiffs' negligence *per se* claims contained in Counts I and XXI on the grounds that those claims rise and fall with the plaintiffs' strict liability claims.  First, even if Honeywell is right that the fates of the strict liability and negligence *per se* claims are intertwined, the Court has declined to dismiss the strict liability claims so it need not dismiss the negligence *per se* claims.  Second, and more importantly, negligence *per se* is not a cause of action in itself.  It is merely a method of establishing a duty and breach of duty under ordinary negligence principles, which is then subject to the defense that a defendant acted reasonably.  *See, e.g., Mueller by Math v. Community Consol. Sch. Dist. 54*,  678 N.E.2d 660, 667 (Ill. App. Ct. 1997) (noting that statute created duty and violation of the statute would constitute breach of that duty).  So long as the plaintiffs have any chance of succeeding on a negligence claim under any theory, negligence *per se* or otherwise, Counts I and XXI will remain in this suit.

### C. Battery

Honeywell asks the Court to dismiss Counts III and XXIII, the plaintiffs' battery claims, on the grounds that they have not sufficiently pled Honeywell's intent to expose the plaintiffs to the $UF_6$ gas mixture. The plaintiffs argue that their allegations that Honeywell employees directed the $UF_6$ gas mixture through the ash dust collector system and into the atmosphere knowing that it would contact nearby residents is sufficient to plead a battery claim.

Battery is "the willful touching of another person" without that person's consent, and includes touching by "a substance or force put in motion by the aggressor." *Pechan v. DynaPro, Inc.*, 622 N.E.2d 108, 117 (Ill. App. Ct. 1993) (internal citations omitted). A defendant commits a battery when:

> (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and
>
> (b) a harmful contact with the person of the other directly or indirectly results.

Restatement (Second) of Torts, § 13 (1965); *see Cohen v. Smith*, 648 N.E.2d 329, 332 (Ill. App. Ct. 1995).

The Court has reviewed the Complaint and finds that the plaintiffs may be able to prove, consistent with the allegations they make, that Honeywell employees willfully and intentionally caused the plaintiffs to be touched and harmed by the $UF_6$ gas mixture they released into the atmosphere without the plaintiffs' consent to that touching. Their allegations adequately put Honeywell on notice of their battery cause of action, and the Court cannot dismiss those claims at this time.

### D. Damages Relating to Lukus Griffin

Honeywell asks the Court to dismiss the plaintiffs claim to damages for the loss of

society for their living child, Lukus Griffin.  They rely on caselaw holding that parents cannot recover for the loss of a child's society where the child is not fatally injured.  *Dralle v. Ruder*, 529 N.E.2d 209, 212-13 (Ill. 1988);  *accord Vitro v. Mihelcic*, 806 N.E.2d 632, 633 (Ill. 2004).

Tolen and Griffin argue that they do not seek compensation for the loss of Lukus Griffin's society but for the expense they have incurred in caring for him and for the emotional distress they have suffered as a result of his condition.

It is true that Tolen and Griffin cannot recover under Illinois law for the loss of Lukus Griffin's society.  However, because Honeywell has not cited any cases convincing the Court that the plaintiffs cannot recover for medical expenses they have incurred and emotional distress they have suffered in caring for Lukus Griffin, the Court cannot say at this time that those damages cannot be awarded.  Furthermore, Rule 12(b)(6) speaks of dismissal for failure to state a claim;  it does not speak of dismissal of a request for a certain element of damages.  Thus, as long as the plaintiffs have pled a claim for negligence, even if they have asked for an element of damages that they cannot recover, Rule 12(b)(6) dismissal is inappropriate.

## IV. Conclusion

For the foregoing reasons, the Court hereby **DENIES** the motion to dismiss (Doc. 11).  Furthermore, because the Court finds that the Complaint is intelligible and does not lack the detail necessary to put Honeywell on notice of the claims against it, the Court further **DENIES** the alternative motion for a more definite statement (Doc. 11).

**IT IS SO ORDERED.**
**DATED:  November 15, 2006**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**