IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| JENNIFER TOLEN, *et al.* | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| vs. | ) | No. | 05-4220 JPG-DGW |
| | ) | | |
| HONEYWELL INTERNATIONAL, INC. | ) | | |
| | ) | | |
| Defendant. | ) | | |

## PLAINTIFFS' PETITION TO ADJUDICATE RIGHTS OF ALL INTERESTED PARTIES REGARDING LIEN ASSERTED BY MASSAC MEMORIAL HOSPITAL

1.      On March 16, 2007, the remaining Plaintiffs in this action reached a settlement agreement with Defendant.

2.      Prior to that date, Massac Memorial Hospital submitted a "Hospital Lien Letter" asserting a lien of $1,934.10 against Plaintiff Jennifer Tolen for services it provided to her on the dates of December 30, 2003, April 21, 2004 and September 21, 2004.  Ex. 1.

3.      In compliance with 770 ILCS 23/15, Plaintiff has provided Massac Memorial Hospital with written notice of the settlement.  Ex. 2.  Plaintiff has not received a response from Massac Memorial to this correspondence.

4.      In order to bring all matters relating to this litigation to an end, Plaintiff Jennifer Tolen urges this Court adjudicate the lien of Massac Memorial Hospital.  Plaintiff notes as follows:

a.      The remaining counts of the Complaint at the time of settlement alleged damages stemming from the release of uranium hexafluoride from Defendant's nuclear plant on December 22, 2003.

b.      Massac Memorial Hospital has yet to prove to a reasonable degree of medical certainty that any of the services it submitted as part of its lien are causally

related to the December 22, 2003 incident.  The burden is on the health care provider to provide such proof.  <u>See</u> <u>Dollieslager v. Hurst</u>, 295 Ill.App.3d 152, 691 N.E.2d 1181, 1185 (3rd Dist. 1998) (discussing Physicians Lien Act, which employs similar language to that used by Health Care Services Lien Act).  "Absent such proof, the lien should not attach, or should be reduced to the amount for which the physician can demonstrate a causal connection."  <u>Id.</u>

       c.      Under the common fund doctrine, any lien must be reduced to account for "litigation expenses incurred, including counsel fees."  <u>Scholtens v. Schneider</u>, 173 Ill.2d 375, 671 N.E.2d 657, 662 (Ill. 1996).  Plaintiff notes that her expenses will range between $5,000 and $8,000.00 (final amounts have yet to be determined), and that her attorney's fees will be 1/3 of the settlement minus these expenses.

5.      Plaintiff is forwarding a copy of this Motion to Massac Memorial Hospital.

<u>CONCLUSION</u>

WHEREFORE, Plaintiff Jennifer Tolen requests this Court set a hearing to adjudicate the rights of herself and Massac Memorial Hospital on the foregoing matter.

THE LAKIN LAW FIRM, P.C.

By    <u>/s/ Michael T. Blotevogel</u>
        Charles W. Armbruster, III 06211630
        Michael T. Blotevogel 06282543
        300 Evans Avenue
        P.O. Box 229
        Wood River, IL  62095
        (618) 254-1127
        Fax (618) 254-0193
        Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 5, 2007 I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alison C. Conlon
Brian W. Lewis
Denise A. Lazar
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606-1229
conlon@wildmanharrold.com

*Attorneys for Honeywell International, Inc.*

Service of the foregoing document was provided to the following entity via first class U.S. mail, postage prepaid:

Business Office Manager
Massac Memorial Hospital
28 Chick Street P.O. Box 850
Metropolis, IL 62960

_____/s/ Michael Blotevogel_____

3